IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper King,<br><br>                  Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>Director John Carmichael; and<br>Monica B. Watts,<br><br>                  Defendants.<br>_____ | ) C/A No.: 0:11-1071-JMC-PJG<br>)<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

The plaintiff, Kipper King, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Turbeville Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is serving a Youthful Offender Act ("YOA") sentence for receiving stolen goods. In this action, Plaintiff essentially contends that the South Carolina Department of Corrections believes his sentence is for a six-year term of imprisonment, contrary to King's

belief that his sentence was "capped" at three years. Plaintiff seeks correction of his sentence and damages.[1]

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or

---

[1] Plaintiff, who is seeking damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983. Plaintiff also seeks correction of his sentence; however, this relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his administrative remedies.



"seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Since the plaintiff is not challenging a conviction, but matters affecting the length of his sentence, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, *after* he fully exhausts his state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241 also. See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3rd Cir. 1975). A petition for habeas corpus under § 2241 is the remedy to challenge confinement that is not pursuant to a sentence of a court, or the unlawful execution of a valid sentence, or confinement beyond its term. Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991). Plaintiff has not alleged that he has exhausted his state remedies.

Nor can Plaintiff receive damages under 42 U.S.C. § 1983. Because he has not successfully challenged SCDC's execution of his sentence, a cause of action has not yet accrued. See Heck v. Humphrey, 512 U.S. 477 (1994) (holding that a plaintiff cannot recover damages for allegedly unconstitutional imprisonment when the plaintiff's success would necessarily imply the invalidity of the sentence unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).



**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

                                                                                                                  */s/ Paige J. Gossett*
                                                             Paige J. Gossett
                                                             UNITED STATES MAGISTRATE JUDGE

June 28, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).